W. M. JACK & COMPANY v. HOSMER & CASS, Appellants.

**Assignments:** NEGOTIABLE INSTRUMENTS. The *acceptors* of a bill of exchange cannot, in an action by an *assignee* thereof, avail themselves of a set-off against the maker for breach of contract, under Iowa Code, section 2546, authorizing defendant, in an action by the assignee of a thing in action, to interpose any defense or counterclaim existing in his favor against the assignor.

*Appeal from Bremer District Court.*—HON. P. W. BURR, Judge.

MONDAY, JANUARY 27, 1896.

ACTION upon an accepted bill of exchange. Trial by the court, without a jury, and judgment for the plaintiffs. Defendants appeal.—*Affirmed.*

*Gibson & Dawson* for appellants.

*G. W. Ruddick* for appellees.

ROTHROCK, C. J.—I. The draft or bill of exchange upon which suit was brought was in the following words: "Snohomish, June 16, 1893. Sixty days after date, pay to the order of Puget Sound Machinery Depot five hundred dollars, value received, and charge the same to account of Blackman Bros., Inc. $500.00. To Hosmer & Cass, Minneapolis." "Pay W. M. Jack Co. or order. Puget Sound Machinery Depot, W. H. H. Green, Pres." Upon the face of said draft appears the following: "Accepted June 24, '93. Hosmer & Cass." It is averred in the petition that the said draft was indorsed to W. M. Jack & Co., in writing, before its maturity, and for value, and in the usual course of business. So far as the face of this draft is concerned, if it was taken by the plaintiffs before due, and without

any notice of any defenses thereto, it was an absolute liability against Hosmer & Cass and in favor of the plaintiffs. The defendants answered the petition at great length, from which it appears that two contracts in writing were entered into between the defendants and W. M. Jack & Co., by which contracts Jack & Co., who were manufacturers of cedar shingles in the state of Washington, were to sell to defendants their entire cut of shingles for two years. It is averred in the answer and amendments thereto that said Blackman Bros. failed to comply with their contract, to the damage of the defendants, and they asked that a sufficient amount of the damages be set off against the amount of the draft. The plaintiffs attacked the answer by a motion to strike out parts thereof. The motion was sustained in part, and the defendants amended their answer. The plaintiffs moved to strike out certain parts of the amendment to the answer, and the motion was sustained in part. Afterward the plaintiffs demurred to the second amendment to the answer. The following is a copy of the grounds of the demurrer: "First. The acceptance of the draft by defendants makes the transaction an original contract between the payee and acceptors, and not subject to the matters pleaded in the said amendment. Second. It is alleged that the contract price of the shingles was subject to market fluctuations, and there is no averment that the market price was at any time higher than the contract price. Third. There is no fact alleged which would show as against Blackman Bros., Inc., that it was liable to defendants for more than mere nominal damage, and mere nominal damage cannot be used as a defense to plaintiff's claim; and it is pleaded as a full defense when it is not substantial. Fourth. There is no affirmative allegation either that plaintiffs obtained the draft after due, or that they had notice of defendants'

claims, or that it was not indorsed for value. The court has held that the averments on that subject are only specific denials of the allegations in petition, whereas each affirmative defense pleaded must be complete in itself."

It is exceedingly difficult to ascertain what parts of the answer and amendments were stricken out on motion. The motions to strike referred to the pleadings attacked by the lines in pages where the matter attacked commenced and where it ended. . These numbered lines do not appear to refer to the abstract of the pleadings. We suppose they refer to the original files of the pleadings. The answer and amendments thereto, and the motions to strike, and the demurrer, take up more than thirty pages of the abstract. It is said by counsel for appellees in argument, that "there remained in answer of February 28th, after the ruling on the motion, the allegations of the two written contracts between appellants and Blackman Bros., and that they were broken by Blackman Bros.; the averments of damage, and that appellees were not in good faith holders of the draft for value without notice." We believe that this statement is correct. It is sought to uphold the defense set up by the answer on the ground that the transfer of the draft was an assignment of a thing in action, and that for that reason the defendants had the right to set off their damages, not as against Blackman Bros., the drawers of the draft, but against W. M. Jack & Co. It is urged that this may be done under section 2546 of the Code, which is as follows: "In case of the assignment of a thing in action, the action by the assignee shall be without prejudice to any counterclaim, defense, or cause of action, whether matured or not, if matured when plead, existing in favor of the defendant and against the assignor before notice of the assignment; but this section shall not apply to

negotiable instruments transferred in good faith and upon valuable consideration before due." We do not think that this section of the statute is applicable to instruments like that upon which this suit is founded. Blackman Bros. were not assignors of the draft. The written promise or acceptance by the defendants was not a promise made to Blackman Bros. It was a promise made to appellants to pay to the assignee of the drawee; and, when it was accepted unconditionally, it was an absolute engagement to pay the lawful holder in money, and, by the acceptance, the appellants became the principal debtor. Edwards Bills, 405, 430, 432. It appears to us that the single fact that the plaintiffs are in no sense assignors of the thing in action is a conclusive answer to the contention that the statute applies in this case, because the statute defines the right of an assignee against his assignor. The judgment of the district court is AFFIRMED.